```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DUONG SON BUI,                    :    CIVIL NO. 1:10-CV-02540
                                  :
           Petitioner             :    (Judge Caldwell)
     v.                           :
                                  :    (Magistrate Judge Smyser)
MARY SABOL, Warden York County    :
Prison,                           :
                                  :
           Respondent             :
```

## REPORT AND RECOMMENDATION

Dong Son Bui filed this petition on December 15, 2010. He is a Vietnam citizen who is in U.S. Immigration and Customs Enforcement ("ICE") custody. His removal to Vietnam has been ordered by an Immigration Judge. He has not appealed that May 6, 2010 Order directing his removal and has not challenged his removal, which is the result of a controlled substance criminal conviction. But he has not been removed and now has been in custody pending removal for about one year. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)(holding that a six month period is a presumptively reasonable period during which ICE may detain an alien in order to effectuate the removal of the alien), the petitioner's 28 U.S.C. § 2241 habeas corpus petition asks the court to order that he be released from

custody because, he pleads, it is unlikely that he will be removed to his native country, Vietnam.

8 U.S.C. § 1231(a) governs detention of aliens ordered removed. Pursuant to 8 U.S.C. § 1231(a), generally an alien shall be removed during the ninety day removal period. 8 U.S.C. § 1231(a)(1)(A) provides:

> (A) In general. Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(C) provides that the removal period shall be extended if the alien *inter alia* acts to prevent his

removal.  8 U.S.C. § 1231(a)(2) concerns detention during the removal period and provides that "[d]uring the removal period, the Attorney General shall detain the alien."

8 U.S.C. § 1231(a)(3) provides that "[I]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  However, 8 U.S.C. § 1231(a)(6) provides that certain aliens who are deportable by reason of having committed certain criminal offenses and aliens determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal may continue to be detained beyond the removal period.

In *Zadvydas*, in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time" limitation.  The Court concluded that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute.  *Id.* at 699.  The Court read the

statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.*  The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701.  After that six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, ICE must respond with evidence sufficient to rebut that showing or release the alien subject to terms of supervision. *Id.*  "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*  The Court cautioned, however, that the six-month presumption does not mean that every alien not removed must be released after six months. *Id.*  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The respondent Warden of the York County Prison, for whom the United States appears in court on behalf of the

4

interests of the United States, states in the Response (Doc. 4) that the removal of the petitioner is reasonably foreseeable. Conceding that petitioner Bui has been in post-order detention for more than six months and that his detention is no longer presumptively reasonable, the United States contends, first, that Bui has not shown there to be good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, citing *Akinwale v. Ashcroft,* 287 F.3d 1050, 1051-1052 (11th Cir. 2002). Secondly, the United States contends, there is evidence that supports the inference that Bui's removal in the reasonably foreseeable future is likely.

We appointed counsel for the petitioner and held a hearing on the petition on March 1, 2011.[1] Post hearing briefs were filed. (Docs. 17, 18, 19). We now recommend that the court grant the petition for a writ of habeas corpus for the reason that the removal of the petitioner to Vietnam is not reasonably foreseeable.

---

[1] Transcript. (Doc. 16).

5

The petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania on March 23, 2009 to a time-served sentence upon a guilty plea to a charge of conspiracy to manufacture marijuana plants. 21 U.S.C. § 846. He began a five year term of supervised release on that date. Removal proceedings began on April 24, 2009. Although he was on release from June 18, 2009 through April 12, 2010, Bui has been in custody since April 12, 2010. The government of Vietnam has stated to a representative of ICE, William Moulton (who testified at the March 1, 2011 hearing) that Vietnam will not accept Bui back because he is still serving a criminal sentence. (N.T. at 27).

The United States presses the position that the petitioner's remaining supervised release obligation does not thwart his removal. Citing 8 U.S.C. §§ 1231(a)(4) and 1226(c)(1), the United States asserts that ICE may remove Bui even though he has not completed his 5 years of supervised release. It is not disputed by the petitioner that insofar as the statutory law of the United States is concerned the removal of the petitioner is not prohibited.

6

The United States also asserts that "[t]here is no evidence that Bui must complete 5 years of supervised release before Vietnam will issue a travel document." (Doc. 18, page 2). We disagree with this assertion. The ICE agent testified that Vietnam is not accepting Bui back because he still has a criminal sentence to complete. (N.T. 27). Bui's mother testified that in her own effort to obtain a travel document for her son she was told by Vietnam officials that they would not issue a travel document for Bui because he was still on probation. (N.T. 8).

The United States has not caused Vietnam to know that the petitioner's removal to Vietnam is not unlawful under United States law even though Bui still has years remaining on his supervised release term. So long as Vietnam understands that Bui will be under a term of supervised release until 2014 and that Bui must serve the term of supervised release in the United States, Bui's removal in the near future is not reasonably foreseeable.

Since Bui's removal in the near future is not reasonably foreseeable, his release from custody pending a future point in time when his removal within a finite period is reasonably foreseeable should be granted.

It is recommended that the petition for writ of habeas corpus be granted and that the court order that the petitioner be released by the Attorney General under conditions of supervision established by the Attorney General until his removal becomes reasonably foreseeable.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: April 6, 2011.